Appeal by James West as president of Funeral Chauffeurs Union, Local 643, an unincorporated association, from a decision of the Unemployment Insurance Appeal Board affirming a decision of an unemployment insurance referee sustaining the initial determination of the Industrial Commissioner that the union became an employer subject to the Unemployment Insurance Law (Labor Law, art. 18) on January 1, 1936, and has continued as such since that date. The sole issue involved here is whether the union’s president, its secretary-treasurer and business agents are its employees. The appellant is the president of a local trade union, an unincor *909 porated association, chartered by the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, American Federation of Labor. This association has existed since 1928. The Appeal Board found that West, president, Sehopbaek, secretary-treasurer, Pearlstéin, business agent, and Guidiee, business agent, were employees of the union. These -four persons received regular weekly wages from the union; West at the rate of $50 a week and the other three at the rate of $90 per week. The salaries are fixed by the union membership. The four men in question have no other employment and rely upon the salaries from the union for their services as a means of livelihood. These men were elected -and appointed by the membership of the union. They are required to devote as much of their time as is necessary efficiently to carry on the business of the union. If they do not properly perform their duties they are subject to removal by an executive board. The union reported them for social security tax purposes. The secretary-treasurer testified that he named the union as employer in his income tax returns. These men are not employers or independent contractors. They are engaged exclusively in carrying out union activities for which they are paid a salary. The finding of the board that they are employees is sustained by the evidence. This court may not say as a matter of law that they are not employees. Decision affirmed, with costs to respondent. All concur.